WILSON, APPELLANT, *v.* ROGERS, APPELLEE.

[Cite as *Wilson v. Rogers* (1993), 68 Ohio St.3d 130.]

(No. 93–835—Submitted September 28, 1993—Decided December 29, 1993.)

*John Wilson, pro se.*

*Lee Fisher,* Attorney General, and *John J. Gideon,* Assistant Attorney General, for appellee.

*Per Curiam.* The court of appeals correctly dismissed the petition in this case and its judgment is affirmed.

The appellant raises the same three issues on appeal that he raised below. However, that court correctly concluded that habeas corpus was unavailable to review allegations of prosecutorial misconduct, *Ellis v. McMackin* (1992), 65 Ohio St.3d 161, 602 N.E.2d 611; the credibility of evidence used at trial, *Saulsbury v. Green* (1964), 175 Ohio St. 433, 25 O.O.2d 445, 195 N.E.2d 787; and the sufficiency of an indictment, *Chapman v. Jago* (1976), 48 Ohio St.2d 51, 2 O.O.3d 167, 356 N.E.2d 721.

On appeal, appellant also argues that since eleven of the twenty indictments were dismissed by the trial court, all twenty indictments should be dismissed. Appellant contends that when the trial court dismissed the indictments, all indictments should have been dismissed under the doctrine of collateral estoppel, arguing that double jeopardy applies to the remaining counts against him. However, "[t]he Double Jeopardy Clauses contained in the Ohio and the United States Constitutions protect an accused from multiple prosecutions and multiple punishments for the *same offense.*" (Emphasis added.) *Shearman v. Van Camp* (1992), 64 Ohio St.3d 468, 469, 597 N.E.2d 88, 92, citing *State v. Thomas* (1980), 61 Ohio St.2d 254, 258–260, 15 O.O.3d 262, 265, 400 N.E.2d 897, 902. The counts on which the appellant was convicted were separate offenses from the counts that were dismissed. Therefore, double jeopardy would not apply. Even if it did apply, double jeopardy is not a ground for post-conviction relief in habeas corpus. *Neal v. Maxwell* (1963), 175 Ohio St. 201, 202, 24 O.O.2d 281, 282, 192 N.E.2d 782, 783.

None of appellant's arguments raises a jurisdictional claim. When the petitioner does not attack the jurisdiction of the court, habeas corpus will be denied. R.C. 2725.05; *Stahl v. Shoemaker* (1977), 50 Ohio St.2d 351, 4 O.O.3d 485, 364 N.E.2d 286.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.